UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEDRA WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:11-CV-2421-B |
| § | |
| PORTFOLIO RECOVERY § | |
| ASSOCIATES, LLC AND § | |
| PORTFOLIO RECOVERY § | |
| ASSOCIATES, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Portfolio Recovery Associates, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (doc. 22). For the reasons stated herein, Portfolio Recovery Associates, Inc.'s Motion is **GRANTED**.

### I.

### BACKGROUND[1]

Plaintiff Williams brings this action pursuant to federal and state debt collection statutes. Williams alleges that Portfolio Recovery Associates, LLC ("PRAL") placed at least thirteen calls to her home, beginning on March 1, 2011, in an attempt to collect a debt owed by an individual named "Barbara." Pl. Comp. ¶¶ 22-23. Of the thirteen calls, many were hangups before speaking with

---

[1] The facts are derived from the parties' pleadings and from the evidence contained in the jurisdictional evidence record. Unless characterized as a contention by one of the parties, these facts are undisputed.

Williams. *Id.* ¶ 24. Only two conversations between Williams and PRAL took place and both times Williams informed PRAL that no one named "Barbara" lived at her residence and to remove her number from their call list. *Id.* ¶ 25. Williams sent a certified letter to PRAL requesting they stop calling her, but despite this letter PRAL continued to place calls attempting to collect the debt from "Barbara." *Id.* ¶¶ 28-29.

Plaintiff Williams filed this action alleging Defendant PRAL violated the federal Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act. This Court has original subject matter jurisdiction over the federal claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the related state law claims as they arise from a "common nucleus of operative fact." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); 28 U.S.C. § 1367. Williams amended her complaint to join Portfolio Recovery Associates, Inc to the suit. ("PRAI"). PRAI is incorporated in Delaware and maintains its principal place of business in Virginia. Pl. Comp. ¶ 6. PRAI filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction that is the basis of this memorandum opinion and order.[2] The Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction has been briefed by both sides and is ripe for decision.

---

[2] PRAI contemporaneously filed a separate Rule 12(b)(6) motion to dismiss for failure to state a claim. This memorandum opinion and order only considers the Rule 12(b)(2) motion.

## II.

## LEGAL STANDARD FOR PERSONAL JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action when the Court lacks personal jurisdiction over the defendant. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that a nonresident defendant is subject to the Court's jurisdiction. *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). To establish the Court's personal jurisdiction over a defendant, the plaintiff must make only a prima facie case of jurisdiction. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 342-43 (5th Cir. 2004). "The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

In establishing personal jurisdiction, two preconditions must be met: (1) the nonresident must be amenable to service of process under Texas' long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the United States Constitution. *Jones*, 954 F.2d at 1067. Because Texas' long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Id.* at 1067-68 (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being haled into court

there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id.* at 1068 (citing *Hanson v. Denckla*, 357 U.S. 235 (1958); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

The "minimum contacts" test can be met by contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citation omitted). Specific personal jurisdiction exists when the cause of action arises from the nonresident defendant's contacts with the forum state. *Gundle*, 85 F.3d at 205. In either context, the court considers the totality of the circumstances in conducting the minimum contacts analysis; no single factor is determinative. *Stuart*, 772 F.2d at 1192.

### III.

### ANALYSIS

The Court did not hold a hearing on this motion and thus any conflict in jurisdictional evidence favors Plaintiff Williams. *See Freudensprung* 379 F.3d at 342-43.[3] Plaintiff Williams argues that this Court has personal jurisdiction over PRAI pursuant to both general and specific personal jurisdiction. In Williams' response to PRAI's motion to dismiss for lack of personal jurisdiction,

---

[3] Plaintiff's Motion to Strike the Declaration of Judith S. Scott (doc. 29) is **DENIED** and Defendant PRAI's Objection to and Motion to Strike Plaintiff's Evidence (doc. 36) is **OVERRULED** and **DENIED.**

Williams directs the Court to the website shared between PRAI and its subsidiaries as evidence that PRAI is in the business of purchasing and collecting distressed debts. Pl. Resp. 2-3 (doc. 27). In PRAI's Securities & Exchange Commission filings, PRAI stated "our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables." Pl. Ex. E (Doc. 13-5 at 6). Williams also points to PRAI's Corporate Fact Sheet that states PRAI manages debt collection operations in ten states, including Texas in support of this Court's jurisdiction over PRAI. Pl. Resp. 4.

In general, Defendant PRAI responds that Williams only interacted with PRAL, and that PRAI is not subject to personal jurisdiction in Texas.

A.     *General Jurisdiction*

Williams argues specifically for general jurisdiction due to PRAI's "continuous and systematic general business contacts" with Texas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Williams states that this Court has personal jurisdiction over PRAI because PRAI maintains a Texas taxpayer number, one of its wholly owned subsidiaries operates an office in Houston, Texas, the PRAI website refers to managing debt collection activity, and PRAI employee Chris Graves is listed on PRAI's debt buying brochure. Pl. Resp. 6.

Defendant PRAI responds it does not have any specific, systematic or continuous contacts with Texas. Def. Reply 2. PRAI is not registered with the Texas Secretary of State. Pl. Resp. 6. As to the tax number, PRAI argues that the Texas Tax Code requires PRAI to file a consolidated Texas Franchise Report, and thus have a Texas tax number, because at least one of its subsidiaries has a tax nexus within Texas. Def. Reply 7. PRAI also argues that wholly owning a separate subsidiary company with an office in Houston, Texas does not lead to a finding of personal jurisdiction over the

parent corporation. *Id.* Finally, Defendant PRAI argues Williams has incorrectly attributed the statements on www.portfoliorecovery.com to only reflect on PRAI when, in fact, the statements on the website may refer to PRAI or any of its subsidiaries (such as PRAL) and that Williams has taken the "Manager" statement out of context. Def. Reply 7-8.

A court may assert general jurisdiction over an out of state corporation if the "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Op. S.A., v. Brown*, 131 S.Ct. 2846, 2851 (2011). The "continuous and systematic" test is difficult to meet and requires "extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

The fact that Defendant PRAI has a Texas tax number is not dispositive of the issue, especially given the fact that PRAI is required to file a Franchise Tax Return if its subsidiaries have a tax nexus within Texas. Tex. Tax Code §§ 171.0001, 171.101-171.1016; 34 Tex. Admin. Code §§ 3.541-597. Next, the fact that another one of PRAI's wholly owned subsidiaries has an office in Texas does not weigh in favor of general jurisdiction. "When determining if personal jurisdiction can be imputed through a parent-subsidiary relationship, we begin with a presumption that a subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes." *Gonzalez v. Bank of America Ins. Servs., Inc.*, 454 F. App'x 295, 300 (5th Cir 2001). This presumption is only overcome if the plaintiff offers "clear evidence that is sufficient to demonstrate that the subsidiary is the alter ego of the parent." *Id.* Williams fails to offer any evidence or even name the PRAI subsidiary located in Houston, Texas and therefore has failed to offer "clear evidence" that the Houston subsidiary's contacts with Texas should be imputed to PRAI. *See id.*

The Court finds that the statements Plaintiff lifts from the www.portfoliorecovery.com

website and the Corporate Fact Sheet that states PRAI has operations in ten states, including Texas, to be ambiguous about which entity is referred to in each instance. The cited materials certainly do not rise to the level of demonstrating continuous and systematic contact with Texas. Plaintiff has failed to make a prima facie case that PRAI has "continuous and systematic" contact with Texas. *See Goodyear Dunlop*, 131 S.Ct at 2851. Therefore, Plaintiff Williams has failed to establish general personal jurisdiction.

B.      *Specific Jurisdiction*

Williams next argues this Court has specific personal jurisdiction. Given the Court's ruling denying the existence of general jurisdiction and the lack of any direct contact between Williams and PRAI from which this action could arise, the only way Williams can establish specific jurisdiction is through the alter ego theory. Williams argues PRAL is an alter ego of PRAI, and thus all contacts PRAL had with Texas, and specifically with Williams, were also contacts of PRAI. In support, Williams cites to the facts that PRAI wholly owns PRAL, a sentence on the Portfolio Recovery website that states "PRA acts as Manager in connection with the collection of accounts owned by its wholly owned subsidiaries," and PRAI's SEC filings and website that detail debt collection efforts and refer to PRAI and PRAL collectively. Pl. Resp. 7-8.

Defendant PRAI responds that Williams has failed to establish PRAL is an alter ego of PRAI and therefore PRAL's conduct may not be imputed to PRAI. Def. Reply 9. Further, PRAI points out that the statements on www.portfoliorecovery.com may be attributed to PRAI or PRAL or any of the other subsidiaries of PRAI, and therefore any reliance on specific statements is misplaced.[4] And

---

[4] The relevant text on the website reads "unless otherwise specified herein, references to Portfolio Recovery Associates or the Company may refer to Portfolio Recovery Associates, Inc., or any of its wholly

finally, PRAI argues that SEC filings regarding a parent corporation and its subsidiaries are not clear evidence of the degree of control necessary to impute jurisdictional contacts. *Id.* at 10.

"When determining if personal jurisdiction can be imputed through a parent-subsidiary relationship, we begin with a presumption that a subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes." *Gonzalez*, 454 F. App'x at 300. This presumption is only overcome if the plaintiff offers "clear evidence that is sufficient to demonstrate that the subsidiary is the alter ego of the parent." *Id.* The Court considers seven factors, from the Fifth Circuit holding in *Hargrave*, in determining "whether a parent company can be held amenable to personal jurisdiction because of acts of the subsidiary." *Id.* at 300. The *Hargrave* factors are:

> (1) amount of stock owned by the parent of the subsidiary;
> (2) did the two corporations have separate headquarters;
> (3) did they have common officers and directors;
> (4) did they observe corporate formalities;
> (5) did they maintain separate accounting systems;
> (6) did the parent exercise complete authority over general policy;
> (7) did the subsidiary exercise complete authority over daily operations.

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).

Plaintiff Williams asserts that PRAI wholly owns PRAL and directs the Court to the ambiguous website statements about PRAI managing debt collection activities. But Williams fails to offer clear evidence on any of the other factors pertaining to the relationship between PRAI and PRAL. Williams does not compare PRAI's and PRAL's headquarters, officers and directors, entity formalities, accounting systems, or any details as to PRAI's extent of control over PRAL. *See generally*

---

owned subsidiaries."Def. Mot. Dism. 3.

Pl. Resp. Williams' unsupported assertion that "PRAI and PRAL are alter egos of one another" does not carry Williams' burden. Therefore, Williams has failed to establish that PRAI and PRAL are alter egos of each other. Becuase PRAI had no direct contact with Williams and because PRAI is independent of PRAL, Williams cannot establish specific personal jurisdiction over defendant PRAI.

Before concluding, it is important to distinguish the current case from *Brown v. Portfolio Recovery Associates, Inc.*, No. H-11-2869 (S.D. Tex. Jan. 20, 2012). Based on a similar factual background in *Brown*, the district court found specific personal jurisdiction over PRAI based on submitted evidence "from PRAI's website indicating that PRAI has a Houston, Texas office, and that its employees there are engaged in debt collection." *Id.* at *2. The record before the Court in this case is different in two important ways. First, on the record before this Court, the Houston, Texas office is operated by a wholly owned subsidiary of PRAI, not PRAI itself. Secondly, on the record before this Court there are no direct employees of PRAI within Texas. Thus, these important factual distinctions are what lead to the opposite findings regarding personal jurisdiction.

As the Court does not find sufficient minimum contacts, in either the general or specific personal jurisdiction framework, the Court need not consider the fairness prong of the due process inquiry.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Portfolio Recovery Associates, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED** and Portfolio Recovery Associates, Inc. is hereby TERMINATED from this case.

**SO ORDERED.**

**SIGNED: November 29, 2012**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE